# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF OHIO

# EASTERN DIVISION

CHERYL ANN YOUNG
494 Atterbury Blvd
Hudson, Ohio 44236
Phone: (330) 604-6982

FILED

AUG 12 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

Plaintiff,

v.

VICTIM ASSISTANCE PROGRAM OF SUMMIT COUNTY
135 S. Main Street
Akron, Ohio 44308

Defendant.

**5:25 CV 01676**

Case No. _____

Judge _____ **JUDGE GAUGHAN**

**MAG JUDGE GRIMES**

COMPLAINT AND JURY DEMAND

**JURISDICTION AND VENUE**

I. JURISDICTION AND VENUE

1. This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.; and the Equal Pay Act, 29 U.S.C. § 206(d). Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff timely filed Charge No. 22A-2025-00140 and Charge No. 22A-2024-0618 with the EEOC on or about July 24, 2024, and August 29, 2024.

3. On May 16, 2025, the EEOC issued Notices of Right to Sue for both charges. This action is filed within ninety (90) days of receipt of those notices.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in Summit County, Ohio, and Defendant is located in this District.

**PARTIES**

II. PARTIES

5. Plaintiff Cheryl Ann Young is an individual residing at 494 Atterbury Blvd, Hudson, Ohio 44236.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF OHIO

# EASTERN DIVISION

business at 135 S. Main Street, Akron, Ohio 44308.

**FACTUAL ALLEGATIONS**

III. FACTUAL ALLEGATIONS

7. Plaintiff Cheryl Ann Young began working for Defendant, Victim Assistance Program of Summit County, on or about October 30, 2023, as a Victim Advocate. Plaintiff's employment ended on or about August 28, 2024.

8. Plaintiff is African American, is over the age of 40, and at all relevant times was qualified for her position.

9. Plaintiff received positive performance feedback from neutral supervisors and performed both victim advocacy and court advocacy duties from the beginning of her employment.

10. Plaintiff was regularly assigned disproportionate weekend and Sunday shifts, while other Victim Advocates were not.

11. Plaintiff was denied a full one-hour lunch period as required by policy, and supervisors failed to provide coverage for her lunches while doing so for others.

12. In or about May 2024, Defendant hired a new white female employee, Stacy M., for the second shift (4:00 p.m.-12:00 midnight). Plaintiff trained this employee.

13. Stacy M. was allowed to transfer into a new court liaison advocate position before completing her probationary period, while Plaintiff was told she was "unqualified" for the same role despite having already performed its duties successfully.

14. After Stacy M.'s departure, Plaintiff was assigned to cover the senior advocate second shift without receiving the higher pay rate given to others in that role.

15. Plaintiff was the only employee denied the senior advocate pay differential while performing those duties.

15A. Defendant's refusal to provide Plaintiff with the senior advocate shift differential, despite assigning her to those duties, was consistent with a pattern and practice of paying Plaintiff less than other employees performing the same work, in violation of the Equal Pay Act.

16. This shift created a heavier workload, limited client contact after 8:00 p.m., and interfered with Plaintiff's ability to serve clients effectively.

17. On or about June 2, 2024, Akron experienced a mass shooting in a predominantly African American community, causing a significant increase in Plaintiff's workload due to a sudden influx of new clients.

18. As an example of continued retaliation, co-worker Faith K. accessed Plaintiff's client files without authorization, made changes, and provided false information about them.

19. Plaintiff reported this to Operations Manager Miranda Twigg, who confirmed the manipulations but failed to resolve the matter, instead referring it to Administrator Rebecca Cool, who later stated she saw "no wrong" in Faith K.'s actions.

19A. The retaliatory conduct described herein was directly connected to Plaintiff's prior EEO activity, including the filing of a discrimination charge with the Ohio Civil Rights Commission and the Equal

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF OHIO

# EASTERN DIVISION

Employment Opportunity Commission, and constituted retaliation prohibited by Title VII and the ADEA.

20. Plaintiff complained to Defendant's CEO, Le Ann Graham, about ongoing discrimination, unequal treatment, and hostile work environment.

21. On or about August 28, 2024, Ms. Graham presented Plaintiff with an agreement requiring her to withdraw her Ohio Civil Rights Commission complaint and waive her rights under that claim.

22. Plaintiff refused, and her employment was terminated that same day.

23. Plaintiff timely filed a Charge of Discrimination with the EEOC and the Ohio Civil Rights Commission, alleging race discrimination, age discrimination, retaliation, and pay inequity.

24. Plaintiff received Notices of Right to Sue for both charges, issued on May 16, 2025, which are attached as Exhibit A.

## CLAIMS FOR RELIEF

IV. CLAIMS FOR RELIEF

Count I - Race Discrimination (Title VII)
Count II - Age Discrimination (ADEA)
Count III - Retaliation (Title VII)
Count IV - Equal Pay Act Violation

## PRAYER FOR RELIEF

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in her favor on all claims;

b. Award back pay, front pay, and lost benefits;

c. Award compensatory damages for emotional distress and humiliation;

d. Award punitive damages where permitted by law;

e. Award liquidated damages under the Equal Pay Act;

f. Order Defendant to remove all adversarial and negative performance comments from Plaintiff's personnel file;

g. Order Defendant to acknowledge Plaintiff's credentialing, including the Essentials of Victim Advocacy Certificate approved by the Ohio Social Work Board of Social Workers (Approval #RSX111601);

h. Award costs and allowable attorney's fees (if later represented); and

i. Grant such other relief as the Court deems just and proper.

## JURY DEMAND

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF OHIO

# EASTERN DIVISION

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Cheryl Ann Young
494 Atterbury Blvd
Hudson, Ohio 44236
Phone: (330) 604-6982
Pro Se Plaintiff